```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JONATHAN LEE RICHES,**

    **Petitioner,**

**v.**                    //       CIVIL ACTION NO. 1:07CV130
                                    (Judge Keeley)

**CRANDALL CANYON MINE,**
**BOB MURRAY, CEO Murray Energy,**
**and SAGO MINE,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On September 24, 2007, <u>pro</u> <u>se</u> petitioner, Jonathan Lee Riches ("Riches"), filed a civil rights complaint against the above named defendants. On the same day, the Clerk of the Court sent Riches a deficiency notice and "Notice of General Guidelines for Appearing Pro Se in Federal Court." The Court then referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation.

On November 8, 2007, Magistrate Judge Kaull issued an Opinion and Report and Recommendation finding that Riches had neither paid the required filing fee nor filed a request to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, and, therefore, recommending that the case should be dismissed without prejudice.

The Report and Recommendation specifically warned the petitioner that failure to object to the recommendation within ten

days of being served with a copy would result in the waiver of any appellate rights on this issue. No objections were filed.[1]

Therefore, the Court **ADOPTS** the Report and Recommendation in its entirety and **ORDERS** Riches' case **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.

The Clerk is directed to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested.

Dated: December 6, 2007

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).